| IPF22, LLC | * | NO. 2024-CA-0772 |
| VERSUS | * | COURT OF APPEAL |
| JOYCE FRAZIER | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**LOBRANO, J., CONCURS WITH REASONS**

I respectfully concur in the results. I agree with the majority that, under our controlling precedent in *Sholes v. IPF22, LLC*, 24-0552 (La. App. 4 Cir. 4/3/25), --- So.3d ----, 2025 WL 999957, a reconventional demand seeking to annul a tax sale based on a redemption nullity is governed by La. R.S. 47:2287, not the ten-day answer period of La. R.S. 47:2266(B). The timeline provided by La. C.C.P. art. 1041, ninety days from service, is the appropriate procedural measure.

I write separately to stress that the ongoing invocation of La. R.S. 47:2266(B) as a peremptive bar, rather than an answer deadline, continues to cause confusion at the trial level. When property rights are at stake, statutory precision and procedural clarity are critical. The Legislature may wish to revisit these provisions to explicitly distinguish answer deadlines from peremptive limits, especially where constitutional notice rights are involved.

1